UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DEBORAH DOERFLER-CASNER,

        Plaintiff,

   v.

COUNTY OF PLACER, DEPARTMENT
OF PUBLIC WORKS,

        Defendant.

NO. CIV. S-03-1864 WBS KJM

ORDER RE: COSTS

----oo0oo----

On September 29, 2006, the court entered final judgment in this case in favor of defendant. Defendant has submitted a cost bill totalling $6,529.28; plaintiff has not objected.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in 28 U.S.C. § 1920).

1      The court exercises its discretion in determining
2 whether to allow certain costs.  Amarel v. Connell, 102 F.3d
3 1494, 1523 (9th Cir. 1997) (holding that the district court has
4 discretion to determine what constitutes a taxable cost within
5 the meaning of 28 U.S.C. § 1920); Alflex Corp. v. Underwriters
6 Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (same).  The
7 losing party has the burden of overcoming the presumption in
8 favor of awarding costs to the prevailing party.  See Russian
9 River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136,
10 1144 (9th Cir. 1998) (noting that the presumption "may only be
11 overcome by pointing to some impropriety on the part of the
12 prevailing party"); Amarel, 102 F.3d at 1523; see also L.R. 54-
13 292(d) ("If no objection is filed, the Clerk shall proceed to tax
14 and enter costs.").

15      After reviewing the bill, and in light of the fact that
16 the losing party has not objected, the court finds all costs to
17 be reasonable with the exception of a mathematical error in
18 adding the costs regarding fees of the court reporter.
19 Specifically, defendant paid $304.80 for the deposition
20 transcript of G. Jacinto, as indicated by the invoice, but only
21 included a cost of $304.45 in the memorandum of costs.
22 Accordingly, costs of **$6,529.63** will be allowed.

23      IT IS SO ORDERED.

24 DATED: November 1, 2006

*[signature: William B. Shubb]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2